**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------ X
:
**JAHUDI ISAAC,**                                    :
                Plaintiff         :
:   Case No.
       -against-                             :   **COMPLAINT**

**THE CITY OF NEW YORK**, **NEW YORK CITY POLICE DEPARTMENT**, **POLICE OFFICER JOHN DOE 1–5**, **POLICE OFFICER JANE DOE 1–5**, **SUPERVISING NYPD OFFICERS JOHN AND JANE DOE 6–10**, and other unidentified NYPD personnel, Defendants.   :

:
------------------------------ X

## PRELIMINARY STATEMENT

1. This civil rights action is brought under 42 U.S.C. §§ 1983 and 1988, the First, Fourth, and Fourteenth Amendments to the United States Constitution, Title VI of the Civil Rights Act of 1964, the New York State Constitution, the New York City Human Rights Law, and related state law claims.

2. Plaintiff Jahudi Isaac, an innocent Black man, was forcibly stopped, harassed, demeaned, arrested, imprisoned, and maliciously prosecuted for Robbery in the First Degree, despite the complete absence of probable cause, reasonable suspicion, or any lawful basis.

3. The conduct of the Defendant Officers was shocking, arbitrary, retaliatory, racially biased, and so egregious that it shocks the conscience and violates the most basic protections of the Constitution.

4. On January 2, 2024, while peacefully walking with friends toward Insomnia Cookies near Broadway in downtown Manhattan, Plaintiff was unlawfully targeted because of his race, questioned without cause, and retaliated against after exercising his constitutional right to ask officers why he was being stopped.

5. Defendant officers escalated without justification, used unnecessary force, manufactured evidence, forwarded false statements, and initiated a baseless prosecution in order to conceal their misconduct.

6. Plaintiff endured humiliation, degradation, and terror in full public view. The arrest was entirely without factual basis, and no reasonable officer could believe probable cause existed.

7. This misconduct reflects entrenched and well-documented NYPD patterns of racially discriminatory policing against Black men. These constitutional violations were foreseeable, preventable, and the direct result of longstanding unconstitutional customs.

8. Plaintiff seeks compensatory and punitive damages, declaratory and injunctive relief, attorney's fees, and all remedies available under law.

## JURISDICTION AND VENUE

9. Jurisdiction lies under 28 U.S.C. §§ 1331, 1343, and 1367.

10. Venue is proper under 28 U.S.C. § 1391(b) because the events occurred in this District.

## PARTIES

11. Plaintiff Jahudi Isaac resides in Bronx, New York.

12. Defendant City of New York is a municipal corporation responsible for the policies and customs of the New York City Police Department ("NYPD").

13. Defendant NYPD is an agency of the City.

14. Defendant Retired Officer Adam Malki is a former NYPD officer who, upon information and belief, was forced to retire following disciplinary and criminal misconduct.

15. Defendant Officers John and Jane Does 1–5 participated in Plaintiff's unlawful arrest and prosecution.

16. Defendant Supervising Officers John and Jane Does 6–10 approved, directed, or failed to prevent the unconstitutional acts described herein; their identities will be substituted once known.

## JURY DEMAND

17. Plaintiffs demand a trial by jury in this action on each and every one of their claims.

## FACTUAL ALLEGATIONS

18. On January 2, 2024, during evening hours, Plaintiff was walking with acquaintances near Broadway in downtown Manhattan toward Insomnia Cookies.

19. Plaintiff was acting lawfully and posed no threat to anyone.

20. Plaintiff, a Black man, was targeted by NYPD officers because of his race. Upon information and belief, race was a substantial motivating factor in Defendants' decision to stop, question, detain, and arrest him.

21. Officers baselessly claimed that one of Plaintiff's acquaintances had taken a bicycle or scooter. No witness or victim made such an allegation.

22. Plaintiff calmly asked the officers to explain the basis for the stop, a right protected by the First Amendment.

23. Defendants reacted with hostility, aggression, and disdain, consistent with racially biased policing practices long documented within the NYPD.

24. Without provocation, officers escalated their conduct, mocking and belittling Plaintiff.

25. Defendants then unlawfully seized and forcefully arrested Plaintiff without probable cause.

26. Officers intentionally created, manufactured, and forwarded false statements and fabricated evidence to justify the arrest and prosecution.

27. Plaintiff was falsely charged with Robbery in the First Degree despite the complete absence of any force, theft, victim, or supporting evidence.

28. No reasonable officer could have believed probable cause existed.

29. All charges were dismissed outright, confirming the absence of probable cause

30. Supervising officers approved or ratified the arrest despite clear evidence of fabrication.

31. Defendants acted jointly and under color of state law to deprive Plaintiff of his rights.

32. Upon information and belief, one or more Supervising NYPD Officers (John and Jane Does 6–10) reviewed, approved, or ratified Plaintiff's arrest despite obvious inconsistencies. They were personally involved through their approval of paperwork,

failure to investigate, and failure to intervene, thereby incurring liability under *Tangreti v. Bachmann*, 983 F.3d 609 (2d Cir. 2020).

## FIRST CAUSE OF ACTION -- False Arrest
## 42 U.S.C. § 1983 and Fifth and Fourteenth Amendments

33. Plaintiff repeats and realleges by reference paragraphs 1 through 32 as if fully set forth herein.

34. Defendants arrested Plaintiff without probable cause, depriving him of liberty.

35. The acts of the Defendant, through its agents under color of state law, in arresting Plaintiff, were malicious, undertaken without lawful justification, taken with deliberate to Plaintiff's right, and were designed to, and did, cause specific harm to the Plaintiff in violation of his Constitutional rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution. Through these actions, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation, under color of state law, of rights secured under the United States Constitution.

36. As a consequence of the Defendant's actions, the Plaintiff has suffered violations of his due process rights under the Fifth and Fourteenth Amendments. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by the Defendants.

37. As a direct and proximate result of the Defendant's unlawful actions, the Plaintiff has suffered, and will continue to suffer damages, including: physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

## SECOND CAUSE OF ACTION – Unreasonable Search and Seizure
## 42 U.S.C. § 1983 and Fourth and Fourteenth Amendments

38. Plaintiff repeats and realleges by reference paragraphs 1 through 37 as if fully set forth herein.

39. By their conduct, as described herein, and acting under color of state law to deprive Plaintiff of his rights to be free from unreasonable searches and seizures and arrest without reasonable suspicion or probable cause as required by the Fourth and Fourteenth Amendments, Defendant is liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation, under color of state law, of rights secured under the United States Constitution.

40. As a direct and proximate result of the Defendant's unlawful actions, the Plaintiff has suffered, and will continue to suffer damages, including: physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

## THIRD CAUSE OF ACTION – Malicious Prosecution
## 42 U.S.C. § 1983 and Fourth and Fourteenth Amendments

41. Plaintiff repeats and realleges by reference paragraphs 1 through 40 as if fully set forth herein.

42. By their conduct, as described herein, and acting under color of state law, Defendants are liable to the Plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

43. Defendant's unlawful actions were done willfully, knowingly, with malice and with specific intent to deprive the Plaintiff of his constitutional right. The prosecution by the Defendants constituted malicious prosecution in that there was no basis for the Plaintiff's arrest, yet Defendant continued with the prosecution, which were resolved in the Plaintiff's favor.

44. As a direct and proximate result of the Defendant's unlawful actions, the Plaintiff has suffered, and will continue to suffer damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

**FOURTH CAUSE OF ACTION -- Conspiracy to Deprive Civil Rights**

**42 U.S.C. § 1983 and Fourth and Fourteenth Amendments**

45. Plaintiff repeats and realleges by reference paragraphs 1 through 44 as if fully set forth herein.

46. Defendants Malki, John Doe, and Jane Doe officers conspired and jointly agreed to fabricate evidence and coordinate Plaintiff's unlawful arrest, constituting a meeting of the minds under § 1983.

47. Defendants arrested Plaintiff without probable cause, depriving him of liberty.

48. The acts of the Defendant, through its agents under color of state law, in arresting Plaintiff, were malicious, undertaken without lawful justification, taken with deliberate to Plaintiff's right, and were designed to, and did, cause specific harm to the Plaintiff in violation of his Constitutional rights as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution. Through these actions, Defendants are liable for violation of 42 U.S.C. § 1983 which prohibits the deprivation, under color of state law, of rights secured under the United States Constitution.

49. As a consequence of the Defendant's actions, the Plaintiff has suffered violations of his due process rights under the Fifth and Fourteenth Amendments. Plaintiff has fear and apprehension that he will, again, be subject to similar unlawful acts by the Defendants.

50. As a direct and proximate result of the Defendant's unlawful actions, the Plaintiff has suffered, and will continue to suffer damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

### FIFTH CAUSE OF ACTION -- Due Process

### 42 U.S.C. § 1983 and Fourth and Fourteenth Amendments

51. Plaintiff repeats and realleges by reference paragraphs 1 through 50 as if fully set forth herein.

52. By their conduct, as described herein, and acting under color of state law, Defendants are liable to the Plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional right to be free from any deprivation of liberty without due process of law under the Fifth and Fourteenth Amendments to the United States Constitution.

53. As a direct and proximate result of the Defendant's unlawful actions, the Plaintiff has suffered, and will continue to suffer damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, and embarrassment.

### SIXTH CAUSE OF ACTION – Equal Protection Under State Law

### ARTICLE I, Section 11 of the New York State Constitution

54. Plaintiff repeats and realleges by reference paragraphs 1 through 53 as if fully set forth herein

55. The acts as Defendants, acting under color of law, in arresting the Plaintiff and in physically assaulting Plaintiff were racially motivated and were done without lawful justification, and were designed to and did cause specific and serious harm and suffering to the Plaintiff in violation of his Constitutional rights to equal protection as guaranteed by Article I, Section 11 of the Constitution of the State of New York.

56. The foregoing acts and conduct of the Defendants were a direct and proximate cause of injury and damage to Plaintiff and violated her rights as guaranteed by the Constitution of the State of New York.

**SEVENTH CAUSE OF ACTION – False Arrest and False Imprisonment under State Law Article I, Section 12 of the New York State Constitution**

57. Plaintiff repeats and realleges by reference paragraphs 1 through 56 as if fully set forth herein.

58. The acts of the Defendants, acting under the color of law, in subjecting Plaintiffs to unlawful search and seizure and arrest were done without reasonable suspicion or probable cause and were designed to, and did cause, specific and serious harm and pain and suffering to the Plaintiff in violation of their Constitutional rights as guaranteed by Article I, Section 12 of the Constitution of the State of New York.

59. The foregoing acts and conduct of Defendants were a direct and proximate cause of injury and damage to Plaintiff and violated his rights as guaranteed by the Constitution of the State of New York.

**EIGHTH CAUSE OF ACTION -- Monell Liability (City of New York)**

60. Plaintiff repeats and re-alleges by reference paragraphs 1 through 59 as if fully set forth herein.

61. At all relevant times herein, Defendant City of New York, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned de facto policies, practices, and/or customs exhibiting deliberate indifference to the Plaintiff's constitutional rights, which caused the violation of such rights.

62. Defendant's unlawful actions were done willfully, knowingly and with the specific intent to deprive Plaintiff of her constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution

63. The constitutional abuses and violations by Defendant City of New York through the actions of the NYPD, were and are directly and proximately caused by policies, practices and/or customs developed, implemented, enforced, encouraged and sanctioned by Defendant City of New York, including the failure: (a) to adequately supervise and train its officers and agents, including the Defendant, thereby failing to adequately discourage further constitutional violations on the part of its police officers; (b) to properly and adequately monitor and discipline its officers and agents; and (c) to adequately and properly investigate citizen complaints of police misconduct, and , instead, acts of misconduct were tolerated by the City of New York.

64. Upon information and belief, Defendant City of New York has, acting through its NYPD, developed, implemented, enforced, encouraged and sanctioned a de facto policy, practice, and/or custom of unlawfully interfering with and/or arresting individuals without reasonable suspicion or probable cause.

65. Defendant's unlawful actions were done willfully, knowingly and with specific intent to deprive Plaintiff of her constitutional right under the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution.

66. Defendants have acted with deliberate indifference to the constitutional right of the Plaintiff. As a direct and proximate result of the acts as stated herein by each of the Defendants, the Plaintiff's constitutional rights have been violated which has caused them

to suffer physical, mental, and emotional injury and pain, mental anguish, suffering, humiliation and embarrassment.

67. Plaintiff has no adequate remedy at law and will suffer serious irreparable harm to their constitutional rights unless Defendants are enjoined from continuing their unlawful policies, practices, and/or customs which have directly and proximately caused such constitutional abuses.

### NINTH CAUSE OF ACTION -- Declaratory Relief (28 U.S.C. § 2201)

68. Plaintiff seeks a declaration that Defendants' acts and policies violated his rights under the Fourth and Fourteenth Amendments and federal civil-rights statutes.

### DAMAGES

69. Plaintiff suffered physical injury, emotional trauma, humiliation, loss of liberty, reputational harm, financial losses, and profound loss of trust in law enforcement.
70. The individual defendants acted willfully, wantonly, maliciously, and oppressively, entitling Plaintiff to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

A. Compensatory damages in an amount to be determined, but not less than $250,000;

B. Punitive damages against the individual Defendants only, for their willful and malicious conduct;

C. Attorney's fees and costs under 42 U.S.C. § 1988;

D. Declaratory relief finding Defendants' conduct unconstitutional;

E. Injunctive relief directing Defendants and the NYPD to expunge and seal all records, photographs, and fingerprints relating to Plaintiff's arrest;

F. Pre- and post-judgment interest; and

10

G. Such other and further relief as the Court deems just and proper.

## RESERVATION OF RIGHT TO AMEND

Plaintiff reserves the right to amend this Complaint to identify John and Jane Doe Defendants by name and to include additional claims revealed through discovery.

Dated: January 30, 2025
Westchester, New York

**VASQUEZ ATTORNEYS AT LAW, P.C.**

By: *Jorge Luis Vasquez, Jr.*
**Jorge Luis Vasquez, Jr., Esq.**
Attorneys for Plaintiff Jahudi Isaac
141 Parkway Road, Suite 14
Bronxville, NY 10708
(212) 752-8408
 jorge@vasquezpc.com